United States District Court
Southern District of Texas
**ENTERED**
July 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO  ZAMORA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-281 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Petitioner is currently an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TJDC-CID") and is incarcerated at the Estelle Unit in Huntsville, TX. Proceeding *pro se*, Petitioner filed this petition May 8, 2015[1] pursuant to 28 U.S.C. § 2254. (D.E. 1). The subject of the petition is a 2012 conviction for continuous sexual abuse of two children under the age of 14. TEX. PENAL CODE ANN. § 21.02; (D.E. 12-17, Page 91). Following his conviction, Petitioner was sentenced to an imprisonment of fifty years. (D.E. 12-17, Page 91). Petitioner presents three grounds in his pending application for writ of habeas corpus, identical to the grounds raised in his state petition for habeas corpus: (1) he received ineffective assistance of appellate counsel, (2) ineffective assistance of trial counsel, and (3) the trial court abused its discretion, denying him due process and a fair trial. (D.E. 1, Pages 6-10).

---

[1] The petition was signed on May 8, 2015, and received by the Court on June 22, 2015. *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)(A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

On December 2, 2015, Respondent filed a Motion for Summary Judgment. (D.E. 13). Petitioner failed to file a response as required by Local Rule 7.4, despite being granted a 30 day extension to respond. (D.E. 14, 15). Therefore, as the time for filing a response has expired, the Court may treat this motion as unopposed. However, the undersigned has considered the pending motion on its merits as Petitioner is proceeding *pro se*. For the reasons stated below, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 13) be **GRANTED** and Petitioner's petition for habeas corpus relief (D.E. 1) be **DISMISSED.** It is further recommended that a Certificate of Appealability be **DENIED.**

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000); 28 U.S.C. § 124(b)(6). Further, Petitioner is incarcerated at the Estelle Unit in Hunstville, Texas, which is within the Southern District of Texas.  28 U.S.C. § 124(b)(2).   This case was referred to the undersigned Magistrate Judge for case management, ruling on non-dispositive motions, and furnishing a recommendation on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

In March 2012, Petitioner was convicted and sentenced to fifty years by a Texas state court after being found guilty by a jury of continuous sexual abuse of two female children,

S.S. (age 8) and M.S. (age 7).[2] (D.E. 12-17, Page 91; *see also* D.E. 12-11, Pages 15-17 (for ages of children)).[3] Petitioner repeatedly sexually abused M.S. and S.S. over a period exceeding 30 days, a felony in the first degree.[4] TEX. PENAL CODE ANN. § 21.02 (requiring that a person 17 years of age or older commit two or more acts of sexual abuse during a period that is 30 or more days in duration, regardless of whether the acts of sexual abuse are committed against one or more victims under the age of 14). Petitioner filed a direct appeal and the Thirteenth Court of Appeals affirmed his conviction on June 27, 2013. (D.E. 12-4). Petitioner filed an untimely petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals.[5] (D.E. 12-17, Pages 5, 7).

On August 7, 2014, Petitioner filed an application for state habeas corpus relief challenging his conviction. (D.E. 12-17, Page 5).[6] In his application, Petitioner argued he received ineffective assistance of trial and appellate counsel, and the trial court denied him due process and a fair trial due to its abuse of discretion. (D.E. 12-17, Pages 10-14). On May 6, 2015, Petitioner's application was denied without written order, on findings of the trial

---

[2] The undersigned will refer to the minor children by their initials rather than by their full legal names.

[3] Petitioner's trial counsel was originally Robert Zamora, who then withdrew and was succeeded by Gabriella (Gabi) Canales. (D.E. 12-5, Pages 8-13). The presiding judge was the Honorable Bobby Galvan of the 94th Judicial District Court of Nueces County, Texas. (D.E. 12-17, Page 91).

[4] The indictment under which Petitioner was convicted indicates the acts of sexual abuse occurred beginning on or about November 15, 2010 through July 15, 2011 against both of the victims. (D.E. 12-17, Page 81).

[5] The undersigned could not locate the untimely PDR in the record. However, the Texas Judicial Branch website indicates Petitioner filed a PDR on January 30, 2014 and it was denied the same day. *Zamora v. State*, No. PD-0117-14. However, as his direct appeal was decided on June 27, 2013, his PDR was untimely. TEX. R. APP. PROC. 68.2(a)(PDR must be filed within 30 days of appellate court's decision); (D.E. 12-4). As discussed below, Petitioner maintains his failure to file a timely PDR was due to the failure of his counsel to inform him of his right to do so, and claims this alleged failure amounts to ineffective assistance of appellate counsel. (D.E. 1, Pages 6-7). Petitioner's filing history with the Texas Court of Criminal Appeals may be found at http://www.search.txcourts.gov/Case.aspx?cn=PD-0117-14&coa=coscca.

[6] The state habeas petition was signed on July 22, 2014 and received by the Clerk of Court on August 7, 2014.  (D.E. 12-17, Pages 5, 21); *Spotville*, 149 F.3d at 376.

court without a hearing by the Texas Court of Criminal Appeals (hereinafter "state habeas court"). (D.E. 12-16).

The instant federal habeas petition was filed on May 8, 2015, on the same grounds. In response, Respondent filed the pending Motion for Summary Judgment arguing Petitioner's claims are without merit. (D.E. 13, Page 1). Respondent does not claim that Petitioner's habeas claims are barred by either 28 U.S.C. 2244(b)(claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed) or 28 U.S.C. 2244(d)(1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court). (D.E. 13, Page 4). Respondent does, however, contend that Petitioner's third ground for relief is procedurally barred. (D.E. 13, Page 4). Petitioner was granted an extension of time to file a response to this Motion, but none was filed. (D.E. 14, 15).

## III.    APPLICABLE LAW

### A.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000)(citations omitted).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted); *see also* FED. R. CIV. P. 81(a)(4)("These rules apply to proceedings for habeas corpus...."). While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. *Austin v. Davis*, 2016 WL 2619443 at *4 (5th Cir. 2016)(*discussing Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. 28 U.S.C. § 2254(e)(1); *see also* FED. R. CIV. P. 56; *see also Austin,* 2016 WL 2619443 at *4 (*discussing Smith,* 311 F.3d at 668). Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *Id.*

### B. Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994)(per curiam)(citation omitted). Under AEDPA, a state prisoner may not obtain relief with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Id.* Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(*citing Williams*, U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. *Harrington*, 562 U.S. at 101. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the

Supreme Court. *Id*. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…[i]t preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Harrington*, 562 U.S. at 102. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999)(*citing Ylst v. Nunnemaker*, 501 U.S. 797, 798 (1991).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1); *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. at 444-45 (*citing Summers v. Dretke,* 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004)). In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562

U.S. at 98.  "[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Id*. at 100.

## IV.   GROUNDS 1 and 2 - INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims both his trial and appellate counsel were ineffective.[7] The state habeas court, in adopting the trial court's findings, held Petitioner did not show that trial counsel rendered deficient performance, or but for any deficient performance, the results of the trial would have been different. (D.E. 12-17, Page 77).  For the reasons that follow, the undersigned respectfully recommends that Petitioner has failed to demonstrate the state habeas court unreasonably denied his ineffective assistance of counsel claims.  Therefore, it is respectfully recommended Petitioner is not entitled to relief and Respondent is entitled to summary judgment on Grounds 1 and 2.

### A.   Standard

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. U.S. CONST. AMEND. VI. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense.  *Id.* at 687. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  Petitioner must prove he was prejudiced by his attorney's

---

[7] In Petitioner's case, he received legal assistance from Ms. Canales at both trial and appellate stages. (D.E. 12-2, Page 2). However, Petitioner also claimed he received ineffective assistance of counsel from the attorney originally appointed to represent Petitioner, Robert Zamora, who subsequently withdrew from the case. (D.E. 12-2, Pages 5-10; D.E. 12-5, Pages 8-13). In his pending federal petition, Petitioner lists only Ms. Canales as his attorney at trial and on appeal. (D.E. 1, Page 11).

substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Petitioner must show "significant prejudice" in a noncapital context. *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994)(*citing Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id*. at 688.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under 28 U.S.C. § 2254(d). Where the state court adjudicated an ineffective assistance claim on the merits, this Court

must review Petitioner's claim under both *Strickland* and § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions fell below *Strickland's* standard, but "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

In both his state and federal petitions for habeas corpus, Petitioner restates identical grounds for relief. In **Ground 1**, Petitioner claims he received ineffective assistance of counsel because Ms. Canales failed to inform him of his right to prepare and file a *pro se* petition for discretionary review ("PDR") with the appellate court following his conviction. (D.E. 1, Pages 6-7). In **Ground 2**, Petitioner claims his counsel was ineffective for failing to: (1) file a motion to quash the indictment; (2) file a motion for funds to appoint a forensic psychologist; (3) adequately investigate before trial; (4) file an *Ake* motion for funds for a private investigator;[8] (5) object to improper comments by the prosecution; (6) object to police officer's testimony; (7) object to prosecution's expert witness testimony; (8) object to prosecution's direct examination of the victims; and (9) object to the prosecution's use of the forensic interviewer as an outcry witness. (D.E. 1, Pages 6-10). The state habeas court found that Petitioner was not denied effective assistance of counsel on either ground under *Strickland*. (D.E. 1, Pages 6, 8; 12-17, Page 77).

## B.    Ground 1 – Ineffective Assistance of Appellate Counsel

Petitioner contends his appellate counsel rendered ineffective assistance by failing to advise him about his right to file a petition for discretionary review ("PDR") and the

---

[8] *See Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)(holding Due Process Clause of the Fourteenth Amendment requires appointment of an expert for an indigent defendant if an expert would be necessary to provide the defendant with the basic tools to present a defense).

applicable time limitations. (D.E. 1, Pages 6-7). The state habeas court found Counsel produced an affidavit in which she swore that she, in accordance with her common practice, informed Petitioner of his right to file a PDR. (D.E. 12-17, Pages 67-70). The letter attached to her affidavit, which is automatically generated, shows that counsel informed Petitioner of the result of the appeal and the availability of a *pro se* PDR. (D.E. 12-17, Page 69). Further, as found by the state habeas court, Petitioner admits he received a letter from counsel advising him of the appellate court's disposition, but he has failed to produce this letter to prove it did not contain the proper information regarding his PDR rights. (D.E. 12-17, Pages 73-74). The state habeas court found counsel's affidavit credible, that she advised Petitioner of his PDR rights, and Petitioner "failed to show entitlement to relief by the production of sufficient evidence to sustain his burden of proof." (D.E. 12-17, Page 74). Based on its factual finding, the state habeas court concluded that Petitioner failed to show ineffective assistance in his claim regarding his appellate counsel. (D.E. 12-17, Page 77). Under Texas law, appellate counsel must notify a client that his conviction has been affirmed and he can pursue discretionary review on his own. *See Perez v. Stephens*, 745 F.3d 174, 192 n. 9 (5th Cir. 2014)(citations omitted). Such notification sufficiently protects a defendant's right to file a petition for discretionary review, and counsel has no other constitutional obligation because a defendant has "no right to counsel for a discretionary review." *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000)("[A]ppellate counsel has no duty to even advise the appellant about the merits of a discretionary review.")(*citing Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997)).

The state habeas court's factual findings are entitled to a presumption of correctness, and the undersigned respectfully recommends Petitioner has failed to rebut this presumption with clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1)(requiring clear and convincing evidence to rebut the presumption of correctness regarding state court factual findings). Therefore, the undersigned respectfully recommends this claim is meritless because, as found by the state habeas court, counsel did properly advise Petitioner about his PDR rights. Here, Petitioner has failed to prove the state habeas court's rejection of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. § 2254(d). Petitioner has not shown "the state court's ruling on the claim being presented in federal court was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. 86, 103. Therefore, the undersigned respectfully recommends that Petitioner is not entitled to relief on these claims and Respondent is entitled to summary judgment on this ground.

### C.    Ground 2 – Ineffective Assistance of Trial Counsel

Petitioner's sole issue on direct appeal was a claim of ineffective assistance of counsel in the pre-trial phase of his case because his attorney did not file any pre-trial motions.[9] (D.E. 12-4). Petitioner did not include any specific pre-trial motions that he claims would have made a difference in the verdict reached by the jury. (D.E. 12-2, Page 7). However, in his petition for both state and federal habeas relief, Petitioner lists several

---

[9] This claim is against Petitioner's first attorney, Robert Zamora, who withdrew before the trial commenced. (D.E. 12-2, Pages 5-10; D.E. 12-4).

specific motions that he claims his attorney should have filed both before and during the trial, and claims the failure to do so resulted in ineffective assistance of counsel.[10] (D.E. 1, Pages 6, 8; D.E. 12-17, Pages 12-13). The state habeas court found Petitioner's "multifarious second ground, alleging ineffective assistance of trial counsel under numerous claims, [. . .] lack[ed] merit," he did not meet his burden, and was therefore not entitled to relief. (D.E. 12-17, Page 74).

When a habeas applicant alleges counsel was ineffective for failure to file a motion, he must allege specific facts showing why the motion was needed, that it would have been granted, and it would have changed the outcome of the case. *See e.g. Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(holding failure to prove specific facts and probable outcome of motion prevented finding of prejudice under *Strickland*); *see also United States v. Wolfson*, 1995 WL 337757 , at *3 (5th Cir. 1995)(affirming district court's finding that defendant failed to satisfy *Strickland* because he did not prove he was prejudiced by counsel's failure to file pre-trial motions). In order to establish that he has sustained prejudice, the Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome [of the proceeding]." *Strickland*, 466 U.S. at 694. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of Strickland; rather, the Petitioner must "affirmatively prove" prejudice. *Id.* at 693. Moreover, "the filing of pre-trial motions 'falls squarely within the ambit of trial strategy,'" which is afforded very high discretion.

---

[10] These claims are against Petitioner's second attorney, Gabi Canales. (D.E. 1, Pages 6-9; D.E. 12-5, Pages 8-13).

*Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)(*quoting Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)(citations omitted)). Petitioner's counsel was "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington*, 562 U.S. at 789.[11] Additionally, a petitioner must offer more than conclusory allegations as they, without more, are insufficient to raise a constitutional issue. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Further, to the extent a petitioner challenges a state court's legal findings concerning state law, it is not the function of a federal court in a habeas proceeding to review a state court's interpretation of its own law. *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011)("A federal court lacks authority to rule that a state court incorrectly interpreted its own law.").

The undersigned respectfully recommends that the state habeas court's finding on Petitioner's second ground was not contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. §2254(d). As discussed more fully below, it is respectfully recommended

---

[11] "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distort effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689 (citations omitted).

that Petitioner is not entitled to relief on these claims and Respondent is entitled to summary

judgment on Petitioner's second ground for habeas relief.[12]

### 1.       *Failure to File Motion to Quash the Indictment*

In both his state and federal petitions for habeas corpus, Petitioner claims counsel

was ineffective for failing to file a motion to quash Petitioner's indictment. (D.E. 1, Page 6).

Petitioner contends that because the indictment named two complainants (S.S. and M.S.), he

was prevented from having the cases severed and tried separately. (D.E. 1, Page 6).

Petitioner claims the inclusion of "and/or" language in the indictment[13] entitled him to sever

the charges against him, and the failure to file a motion to quash the indictment amounted to

ineffective assistance. (D.E. 1, Page 6). The state habeas court concluded, however, that

even though there were two victims, Petitioner was not entitled to a severance because there

was only one offense alleged. (D.E. 12-17, Page 74). The state habeas court concluded that

Petitioner's counsel was not ineffective because Petitioner's "proposed motion would have

been unavailing." (D.E. 12-17, Page 74). The state habeas court further found Petitioner did

not meet his burden of proving specific facts showing why the motion was needed, it would

have been granted, and it would have changed the outcome of the case. *See Lockhart* 782

F.2d at 1282.

As the state habeas court determined this proposed motion would have been denied

under state law, this Court may not conclude otherwise. *Charles*, 629 F.3d at 500.

Furthermore, the language of the statute he violated specifically applies in the event there is

---

[12] While Respondent addresses Petitioner's claims for relief as a group in its Motion for Summary Judgment, the undersigned has addressed each claim in Petitioner's second ground for relief individually.

[13] "Ricardo Zamora, defendant, did . . . commit two or more acts of sexual abuse against [M.S.] *and/or* [S.S.]."  (D.E. 12-5, Page 6)(emphasis added).

more than one victim. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 21.02 (requiring that two or more acts of sexual abuse occur during a period that is 30 or more days in duration, regardless of whether the acts of sexual abuse are committed against one or more victims). Petitioner has failed to show the state habeas court's determination was contrary to, or involved an unreasonable application of, the *Strickland* standard, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. §2254(d). Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

2.    *Failure to Investigate before Trial*

In both his state and federal petitions for habeas corpus, Petitioner alleges his trial counsel failed to "conduct a thorough investigation into the facts and applicable law of the case." (D.E. 1, Pages 6, 8). The state habeas court found Petitioner's argument was without merit because Petitioner "ha[d] not alleged or shown what more counsel could have learned from a more thorough investigation." (D.E. 12-17, Page 75). In any ineffectiveness case, a failure to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Strickland*, 466 U.S. at 690. While "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," Petitioner has merely repeated the same conclusory allegation that his counsel was ineffective for failing to investigate. (D.E. 1, Pages 6, 8); *Id.* at 690-91. Without more, Petitioner's conclusory claim is without merit. *See, e.g. Strickland*, 466 U.S. at 693.

Further, Petitioner has failed to show the state habeas court's determination was contrary to, or involved an unreasonable application of, the *Strickland* standard, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. §2254(d). Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

     3.      *Failure to Request Funds for Investigator*

Petitioner next claims his attorney should have filed a motion requesting funds for an investigator "to assist with preparing a reasonable defense to the instant indictment." (D.E. 1, Page 8). However, the state habeas court found Petitioner did not allege specific facts showing why the motion was needed, that it would have been granted, and that it would have changed the outcome of the case. (D.E. 12-17, Pages 74-75); *Lockhart*, 782 F.2d at 1282. The state habeas court further found Petitioner "has also made no showing of a need for the funds, or in what manner he was harmed, beyond the purely speculative allegation in his application" that he needed an investigator "to assist with preparing a reasonable defense to the instant indictment." (D.E. 12-17, Pages 74-75; D.E. 1, Page 8). Petitioner merely repeats the same allegation in his federal petition. (D.E. 1, Page 8). Petitioner presents nothing except his own speculation that an investigator was needed and does not provide any information as to what conclusions an investigator would have made or what evidence an investigator would have uncovered. Petitioner's personal belief or speculation is insufficient to establish ineffectiveness. *See, e.g. Strickland*, 466 U.S. at 693. Again, Petitioner's conclusory statement does not show the state habeas court's determination was contrary to, or involved an unreasonable application of, the *Strickland* standard, or was an

unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. §2254(d). Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

### 4.    Failure to File Pre-Trial *Ake Motion*

Petitioner next claims counsel was ineffective for failing to file a pretrial *Ake* motion for funds to hire an independent forensic psychologist to interview Petitioner and "any other available material witnesses," as well as to "assist defense counsel with the voir dire process and cross examination" in order to rebut the State's expert witness testimony. (D.E. 1, Page 8). The state habeas court found Petitioner failed to show why an *Ake* motion was needed, its likelihood of being granted, or if it would have changed the outcome of the case. (D.E. 12-17, Page 75). Instead, the state habeas court found that Petitioner again merely offered undeveloped assertions that a forensic psychologist would have been beneficial, and "the Court could have refused to consider his *Ake* claim." (D.E. 12-17, Page 75).

As found by the state habeas court, to successfully pursue a motion for funds to hire an expert, a defendant must be indigent. *Ake*, 470 U.S. at 83.[14] In this case, Petitioner "retained his own counsel, he has made no showing of any expenses incurred, [and] he has made no showing of a need for the funds or in what manner he was harmed when testimony was not presented beyond the purely speculative allegations in his application." (D.E. 12-17, Page 75).

---

[14] The State need not "purchase for an *indigent* defendant all the assistance that his wealthier counterparts might buy." *Id.* at 77 (*quoting Ross v. Moffitt,* 417 U.S. 600, 612 (1974)(emphasis added). Instead, the Due Process Clause requires providing an indigent defendant only the "basic tools" to present a defense. *Id. (quoting Britt v. North Carolina,* 404 U.S. 226, 227 (1971)). The Fifth Circuit does not recognize a jury consultant as a "basic tool" of the defense. *Busby v. Cockrell,* 73 Fed. App'x 49, 53 (5th Cir. 2003).

As these assertions remain undeveloped here, the undersigned cannot recommend the state habeas court's finding on this claim was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. §2254(d). Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

5.    *Failure to Object to Prosecutor's Comments during Voir Dire*

Petitioner next claims that the prosecution made the following personal comments during voir dire, which prejudiced his defense and amounted to ineffective assistance of counsel because they were made without objection. (D.E. 1, Page 8).

The state habeas court found Petitioner's counsel was not ineffective because "there was no objectionable content to the prosecutor's complained-of statements, this was proper voir dire, and the [Petitioner] cannot prove that the Court would have committed error in overruling such an objection." (D.E. 12-17, Pages 75-76).

The record indicates the statements were made as follows:

> (1) "We, as adults . . . want to protect children . . . So, the question is not whether or not you're biased against child molesters. The Defendant sits here today innocent. He is innocent until I prove otherwise, okay? So the question is whether or not—not whether or not you're biased against sex offenders. *I would hope we're all biased against sex offenders* . . . The question is, are you biased against [Petitioner] as he sits here? 'Cause he's innocent right now, he's not a child molester . . . So, as much as you may be thinking, 'Eeew, this is not my kind of case. I want to protect kids. I can't be fair,' if you can make me do my job and make me prove my case to you, then you can be fair. But if you're biased against [Petitioner] as he sits here innocent in this courtroom, then you can't be on the jury, all right?" (D.E. 12-9, Pages 17-18)(emphasis added).

(2) "Now, because we're not worried about punishment [at this phase of the trial] there's certain things you're not going to hear about. *You're not going to hear about whether or not the Defendant is the best person on the earth or has tons of priors*. You're not going to hear about any of that 'cause it's not relevant to whether or not he did this. Does everybody understand that? You're not going to hear a bunch of background information. If it's not relevant to whether or not he did what I am charging him with, then you're not going to hear about it." (D.E. 12-9, Page 40)(emphasis added).

"[T]he burden is on the habeas petitioner to also show a reasonable probability 'that but for these remarks' the result [of the trial] would have been different." *Ellis v. Quarterman*, 308 Fed. App'x 769, 771 (5th Cir. 2009)(*quoting Nichols v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995)). "Improper remarks by a prosecutor 'are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair.'" *Burkett v. Thaler*, 379 Fed. App'x 351, 357 (5th Cir. 2010)(*citing Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008)). "Such unfairness exists only if the prosecutor's remarks evince either persistent or pronounced misconduct or…the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id.* Therefore, "the relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (*citing Hughes*, 530 F.3d at 347)(citation omitted).  Additionally, counsel will not be found ineffective for failing to make a futile objection because prevailing professional norms do not contemplate making frivolous objections. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994)("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite").

After reviewing the prosecutor's comments in context, the state habeas court found Petitioner failed to show the comments were improper or that his counsel's failure to object

prejudiced his defense. *See Strickland*, 466 U.S. at 694. Further, the state habeas court determined these statements were proper voir dire and permissible under state law, and as such, it is respectfully recommended that this Court may not conclude otherwise. *Charles*, 629 F.3d at 500 (federal court lacks authority to rule that state court incorrectly applied its own law). Therefore, it is recommended relief on this claim be denied as the state court found these comments were permissible and counsel is not deficient in failing to raise groundless objections. *Clark*, 19 F.3d at 366. Petitioner has not shown that the state habeas court's holdings were contrary to, or involved an unreasonable application of, federal law, nor has he shown that the state habeas court's findings were an unreasonable application of the law based on the facts of Petitioner's case. 28 U.S.C. § 2254(d). Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

### 6.   *Failure to Object to Testimony by Lt. Oelschlegel*

Petitioner next claims that counsel should have objected to the testimony of Lt. Oelschlegel, the officer attempting to contact Petitioner after the allegations were brought, when she allegedly testified, "[Petitioner] did not come and speak to me after I contacted him about the charges against he is guilty, and the person who did it." (D.E. 1, Page 8). The state habeas court held that this claim should fail because the record does not reflect that the witness made such a statement, what testimony Lt. Oelschlegel did give was in response to defense counsel's line of questioning about her initial calls to Petitioner and his reaction to the charges, and Petitioner failed to show it would have been an error for the trial court to overrule his propounded objection. (D.E. 12-17, Page 76). The state habeas court concluded

that Petitioner "has not provided any proof of prejudice beyond mere conclusions." (D.E. 12-17, Page 76). The undersigned has reviewed the record to which Petitioner cites which reads as follows:

Q: "[A]s long as we're placing you in the position of the defendant, when you called and spoke to the defendant, defense counsel had asked you, what if somebody called you and accused you of such things and whatever. Now, if that were the case that you were called, Lieutenant Oelschlegel, and somebody were to say to you, "Laura Oelschlegel, we want to talk to you about sexually assaulting your children," what would your response have been?"

A: "I'd come talk to you because I didn't do that."

Q: "Would you have any reason to be aware of what the person on the other end of the phone was talking about?"

A: "Not unless I did it."

(D.E. 12-11, Page 41).

Again, when reviewing the complained-of testimony in context, the state habeas court found that the witness never made the complained-of statement, and even if she had, Petitioner failed to show it was improper. (D.E. 12-17, Pages 75-76). Further, as found by the state habeas court, Petitioner's unsupported and unspecific allegations of prejudice alone are insufficient. *See Strickland*, 466 U.S. at 693-94. As stated above, a mere allegation of prejudice is not sufficient to satisfy the prejudice prong of Strickland; rather, the Petitioner must "affirmatively prove" prejudice. *Id.* at 693.

Petitioner has not shown that the state habeas court's holdings were contrary to, or involved an unreasonable application of, federal law, nor has he shown that the state habeas court's findings were an unreasonable application of the law based on the facts of Petitioner's case. 28 U.S.C. § 2254(d). Therefore, it is respectfully recommended that

Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

     7.     *Failure to Object to Expert Witness Testimony*

Petitioner next claims that his counsel should have objected to the prosecution's direct and re-direct examinations of its expert witnesses for engaging in improper vouching for the victims' credibility, i.e. "witness bolstering." (D.E. 1, Pages 8-9). Specifically, Petitioner asserts his counsel should have objected to the examination of both Pam Rodriguez, the forensic interviewer,[15] and Dr. Dimitrio Rosales, the victims' psychotherapist,[16] because they inappropriately endorsed the victims' accounts of the alleged sexual abuse as being true. (D.E. 1, Pages 8-9).

---

[15] Petitioner's complaint first cites to a portion of the re-direct examination of Pam Rodriguez, the prosecution's expert witness and forensic interviewer of the victims:

"Q (Prosecutor): And are there a common characteristic [sic] of children that you see in the interview room that lead you to believe that child has been coached?

A: Yes.

Q: And did you think that these girls appeared coached to you, coached by another adult or another child?

A: No, not at all. They were willing to go –well, because I—I gave them a question just to tell me what it is that they wanted. They gave the details. It wasn't actually triggering anything or asking anything. *It's them actually talking about what happened.*" (D.E. 12-12, Pages 95-96)(emphasis added).

[16] Petitioner then complains his counsel failed to object to the following direct examination of Dr. Dimitrio Rosales, the psychotherapist treating M.S. and S.S. at the time of the trial:

"Q (Prosecutor): Now, as a therapist, it's your job to help these children overcome some of the issues that they're dealing with. It's not your job to investigate; is that correct?

A: That is correct.

Q: And it's also not your job to determine whether or not the children are telling you the truth as a therapist?

A: That is correct.

Q: And so you don't engage in investigation techniques or investigation type interviews, do you?

The state habeas court examined the complained-of testimony and found this claim failed because "it was trial counsel's strategy to intentionally waive her possible evidentiary objections in order to elicit testimony regarding coaching, manipulation, and other possible sources of untruth in the child complainants' allegations" during cross examination of Pam Rodriguez.[17] (D.E. 12-17, Page 76). The testimony complained of by Petitioner occurred

---

A: That is correct.

Q: However, if the children feel inclined in any given session to talk to you about the details of what might have happened to them, they're welcome to do that, if they choose to?

A: Yes, they are.

Q: Have [M.S. and S.S.] spoken to you about details of what has happened?

A: Yes, they have.

Q: And what have those conversations led you to believe when they talked to you about these details? What does that tell you, as a professional?

A: *I believe that what they're telling me is true and that what they're telling me happened, happened*.

Q: Based on what?

A: Based—

Q: As a professional?

A: Based on their ability to recall specific types of events. It's been very consistent over the eight months what they've reported. Some of the memories that they have are memories that can only occur when they've experienced it. For example, if anybody has ever bought a new car. You know what that new car smell is, but to describe it to me, if I had never been in a new car is very difficult. So they can describe odors, they can describe the look of something, they can describe the feeling of something, which would be very difficult just to imagine that it happened." (D.E. 12-13, Pages 9-10)(emphasis added).

[17] On cross examination of Pam Rodriguez, the forensic interviewer, Ms. Canales (defense counsel) engaged in the following exchange:

"Q (by Ms. Canales): Is there also a type of memory where a child, or a person for that matter, *will recall events that didn't happen if somebody told them they happened*?

A: I suppose so, yes.

Q: And, in fact, they believe them to be true?

during re-direct examination of Pam Rodriguez, and the direct examination of Dr. Dimitrio Rosales, both of which occurred after Ms. Canales's line of questioning that first challenged the truth of the victims' statements.[18] The state habeas court essentially found the questions by Petitioner's counsel "opened the door" to the complained-of line of inquiry by the prosecution. (D.E. 12-17, Page 76; *see* Note 17, *supra*). While other lawyers may have handled these examinations differently, the state habeas court found Ms. Canales's trial strategy did not amount to ineffective assistance of counsel. *Strickland*, 466 U.S. at 689 (citations omitted)("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.").

Furthermore, when viewing the testimony in context, the state habeas court found Petitioner had not shown counsel's performance fell below an objective standard of reasonableness or that even if it did, that deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 694; *see also Harrington*, 562 U.S. at 789. Petitioner's counsel was "entitled to formulate a strategy that was reasonable at the time." *Harrington*, 562 U.S. at 789. Further, the state habeas court found Petitioner "offered no theory or proof of prejudice in order to satisfy his burden to prove he was harmed by his counsel's actions" as "Counsel made a strategic choice to elicit this testimony, the prosecutor merely responded after the door was opened," and Petitioner "failed to prove that, but for counsel's absent objection, the result of the proceeding would have been different." (D.E. 12-17, Page 76).

---

A: Yes." (D.E. 12-12, Page 87)(emphasis added).

[18] *Id.*

Under Texas law, "bolstering" is considered to be "any evidence the sole purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Leonard v. Thaler,* CIV.A. H-12-1814, 2013 WL 3280216, at *3 (S.D. Tex. June 27, 2013)(*quoting Cohn v. State,* 849 S.W.2d 817, 819–20 (Tex.Crim.App.1993)(en banc)(internal quotation marks omitted)). In contrast, evidence that is used to corroborate other evidence or sources of evidence should not be construed as "bolstering." *Cohn*, 849 S.W.2d at 820. If the testimony did amount to bolstering, Petitioner has not demonstrated the alleged evidentiary error was "a crucial, critical, or highly significant factor in the context of the entire trial" and that it resulted in a "denial of fundamental fairness under the Due Process Clause." *Bridge v. Lynaugh,* 838 F.2d 770, 772 (5th Cir.1988)(*quoting Thomas v. Lynaugh,* 812 F.2d 225, 230 (5th Cir. 1987)). Petitioner has again merely repeated the same arguments as he presented to the state habeas court.

In short, Petitioner has failed to prove that the state habeas court, in ruling on this claim, was contrary to, or involved an unreasonable application of, federal law, or made an unreasonable determination based on the facts of Petitioner's case. 28 U.S.C. § 2254(d). The undersigned respectfully recommends that Petitioner's application for habeas corpus be denied and Respondent be granted summary judgment on this issue.

8.      *Failure to Object to Prosecution's Direct Examination of Victim*

Petitioner also claimed that his counsel was "ineffective for failing to object to prosecutor leading and coaching the complaining witness during her testimony."[19] (D.E. 1, Page 9; D.E. 12-17, Page 76). The state habeas court held that this claim should fail under *Strickland* because Petitioner failed to show that he was harmed by his counsel's actions. 466 U.S. at 687; (D.E. 12-17, Page 76). The state habeas court found the testimony in question was merely regarding what the younger victim called the chest and genital regions

---

[19] Petitioner complains of his counsel's failure to object to the following portion of direct examination of M.S.:

"Q (Prosecutor): What do you call this part here on top of the girl [pointing to diagram of female body]?

A: Nothing.

Q: You don't call it anything?

A: (Nodding head up and down.)

Q: Yes, you do. What do you call it? What do you call that part?

A: Nothing.

Q: Nothing?

A: (Nodding head up and down.)

Q: Chest. Your sister called it chest. You don't have—so we're just gonna call that nothing?

A: (Nodding head up and down.)

Q: Okay. We'll call that nothing. Tell me about this other part on the girl you circled [when asked to circle "the parts of a girl that nobody's ever supposed to look at or touch" (D.E. 12-12, Page 52)], what do you call that?

A: (No response.)

Q: It's okay. What do you call that part? You talked to Miss Pam [Rodriguez] and you-all talked about parts. What did you tell her you called that? Your private?

A: Yes, ma'am." (D.E. 12-12, Page 181).

of a female that she had just identified on a diagram, and Petitioner's counsel had no objection to the diagram being admitted into evidence. (D.E. 12-17, Page 76; D.E. 12-12, Page 53). After examining the record as a whole, the state habeas court determined that this exchange did not influence the jury. (D.E. 12-17, Page 76). Furthermore, the state habeas court found Petitioner made no showing that this had any injurious effect on the outcome of the trial. (D.E. 12-17, Page 76).

Having independently reviewed the entire state court record, the undersigned finds nothing unreasonable in the state habeas court's application of clearly established federal law or determination of facts in light of the evidence. Petitioner has again merely repeated the same argument he presented to the state habeas court. Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

9.    *Failure to Object to Prosecution's use of Pam Rodriguez as Outcry Witness*

Finally, Petitioner claims counsel's failure to object to prosecution's use of the forensic interviewer, Pam Rodriguez, as an outcry witness for one of the victims amounted to ineffective assistance because "the record affirmatively shows that the complainant's grandmother was the first person over the age of eighteen the complaining witness told she had allegedly been sexually assaulted." (D.E. 1, Page 9). However, the state habeas court found this claim should fail because counsel did make the objection Petitioner claims should have been made.[20] (D.E. 12-12, Page 79). The trial court sustained that objection in part and

---

[20] During the direct examination of Ms. Rodriguez, the following exchange occurred:

"Q (Prosecutor): And did S.S. make an outcry of sexual abuse to you?

overruled it in part because it found that Ms. Rodriguez was in fact the proper outcry witness for *one* of the victims. (D.E. 12-12, Page 81; D.E. 12-17, Page 77). The trial court

---

A: She –

Ms. Canales: "Objection, Your Honor, the state has already used their outcry witness. They used the first witness which was the grandmother—

Court: Sustained.

. . .

 (The following exchange then occurred outside the presence of the jury):

Court: Okay. Now, let me ask you this (to the prosecutor).

Prosecutor: Yes, sir.

Court: Which child are you – are you intending to proffer this witness as the outcry witness?

Prosecutor: S.S. and M.S., both children. She's the outcry. She's the first person over 18 that received any discernable detail about the offense in either case.

Ms. Canales: Your Honor, the police report is very detailed and that report is made by the officer – Lieutenant –

. . .

Court: I think –I think – I think that as to M.S. that she (the Lieutenant) may very well be an outcry witness.

Prosecutor: Well, grandma didn't testify to anything M.S. said other than –

Court: Except that—well, that's not exactly completely true, because she testified that M.S. indicated something like, "Oh, finally, you told grandma."

Prosecutor: But that's it. That's not the details of the actual offense.

Court: It's not the details of the actual offense, so I'm finding that as to M.S., you can use this witness (Pam Rodriguez) as the outcry—

Prosecutor: Yes, Your Honor. But not as to S.S.?

Court: But not as to S.S., because I think the other—I think the grandmother is the proper outcry witness in that case.

Prosecutor: That's fine, Your Honor.

Court: So sustained in part and overruled in part." (D.E. 12-12, Pages 79-82).

then allowed her to testify after clarifying that the testimony should only apply to the victim for whom it was appropriate. (D.E. 12-12, Pages 81-82). Because counsel did in fact make the requested objection, the state habeas court found that Petitioner was not entitled to relief on this claim. (D.E. 12-17, Page 77). Petitioner has again repeated the same argument he presented to the habeas court.

Petitioner has not shown that the state habeas court, in ruling on this claim, made a determination that was contrary to, or involved an unreasonable application of, federal law, or made an unreasonable determination based on the facts of Petitioner's case. 28 U.S.C. § 2254(d). Therefore, this Court respectfully recommends that relief be denied and Respondent be granted summary judgment on this issue.

## V.    GROUND 3 - TRIAL COURT'S ABUSE OF DISCRETION

Petitioner's third ground for federal habeas relief is the same issue concerning the prosecution's outcry witness as raised in Ground 2. Petitioner alleges the trial court erred by allowing Pam Rodriguez, the forensic interviewer of the victims, to serve as an outcry witness, violating his right to due process and a fair trial. (D.E. 1, Page 10). Petitioner failed to raise this ground on direct appeal, and therefore the state habeas court found this claim was procedurally barred and incognizable on habeas review. (D.E. 12-17, Page 73). Furthermore, the state habeas court found that even if Petitioner had been able to overcome the procedural bar, his claim lacked merit because Ms. Rodriguez was the proper outcry witness for one of the victims, and the trial court only allowed the prosecution to use

Rodriguez's testimony for that particular victim.[21] (D.E. 12-12, Pages 81-82,; D.E. 12-17, Page 77). The undersigned agrees.

The state court's application of the procedural bar precludes review of this claim in federal court. *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006); *Soria v. Johnson*, 207 F.3d 232, 249, fn. 23, 24 (5th Cir. 2000). The general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed'" by the time it is to be applied. *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *see also Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The Fifth Circuit has recognized, since at least 1998, that a convicted criminal defendant in Texas is required to present any and all claims then available as points of error on direct appeal to avoid procedural default during later review. *See Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004)(claims barred in state court by the "firmly entrenched" rule in *Ex Parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996)(*clarified on reh'g* in 1998) were also defaulted on federal habeas review). Therefore, the rule that claims not raised on direct appeal will not be considered in subsequent habeas proceedings is sufficient to bar federal review. In this case, Petitioner's third ground for relief was not raised on direct appeal. (D.E. 12-4). In that event, a procedural default may only be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

---

[21] *See* Note 19, *supra.*

that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner has not done so.

Petitioner has again failed to show the state habeas court's determination to deny relief on these claims was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. § 2254(d). Therefore, it is respectfully recommended that Petitioner is not entitled to relief and Respondent is entitled to summary judgment on this claim.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court

rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327 (*citing Slack*, 529 U.S. at 484).  Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

## VII.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 13) be **GRANTED** and Petitioner's application for federal habeas corpus relief (D.E. 1) be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 13th day of July, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).