United States District Court
Southern District of Texas
**ENTERED**
August 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICARDO ZAMORA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-281 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 13). On July 13, 2016, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 16), recommending that Respondent's motion be granted. Petitioner filed his objection (D.E. 17) on August 2, 2016. While Petitioner brought claims for ineffective assistance of counsel against his trial and appellate lawyer and for violation of his right to due process and a fair trial—all of which are recommended to be dismissed—he states only one objection to the M&R.

Petitioner objects to the finding that his appellate lawyer advised him of his right to pursue a petition for discretionary review (PDR) in state court and the deadline for doing so. This finding was based on the attorney's affidavit of her usual and customary practice and Petitioner's failure to rebut that evidence by producing the letter counsel actually sent to him. Petitioner admits that he did not file a response to the motion. He further admits that it was his own fault that no response was filed.

However, Petitioner argues that he had made reasonable attempts to file a response by hiring a writ writer and that he would have attached the missing letter—the letter that the M&R faults him for not having produced.  The letter, attached to his objection (D.E. 17, p. 5), is offered to demonstrate that the attorney's alleged usual and customary practice was not utilized in her communications with him.  This letter, advising him of the court of appeals' decision, did not contain the information state law requires that he be furnished so that he could preserve and prosecute his right to a PDR—his right to do so pro se and the deadline for doing so.

It is within the Court's discretion to consider evidence offered for the first time in an objection to the Magistrate Judge's M&R.  The Fifth Circuit has identified several factors to consider in exercising this discretion, including:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (referencing two competing interests:  the need to bring litigation to an end and the need to render just decisions on the basis of all the facts)).

Petitioner's reasons for failing to timely file a response are unconvincing.  The evidence he offers indicates that the writ writer would do the work for a stated fee and after obtaining the information upon which Petitioner sought to base his case.  Nothing in

the objection indicates that the fee was paid or that the information was provided to the writ writer. Furthermore, the evidence shows that Petitioner was aware of his deadline to respond to the motion and could have, at the very least, filed a copy of the letter.

In isolation, the letter is not important because he has not sought to satisfy both requirements of a claim for ineffective assistance of counsel. Even if his attorney did not give him the information he needed to pursue the PDR, he still has to show that the error prejudiced him—that he would have obtained relief in response to his PDR. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Petitioner has done nothing to demonstrate that, but for counsel's error, the result of the proceeding would have been different. The M&R analyzes Petitioner's complaints about the trial, finding none warrant relief. And Petitioner has not objected to any part of that analysis.

Petitioner has not demonstrated that the letter was unavailable to him at the time his response was due. Consideration of the letter would further prejudice the state in that it did not have an opportunity to consider that evidence and determine whether, for instance, that letter was the only such letter that the attorney sent to Petitioner. Thus all four considerations for the exercise of discretion counsel against considering the new evidence. Consequently, the Court declines to consider the new evidence and, even if it did, the outcome would be the same based on Petitioner's failure to demonstrate prejudice from any error. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objection, and all other relevant documents in the record, and having made a

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 13) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 9th day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE